UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

STEPHAN PRESCOD,

                Defendant.

MEMORANDUM & ORDER
18-CR-00162 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Stephan Prescod brings this motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G § 1B1.10. (Mot. for Reduction ("Mot.") (Dkt. 60).) The Government opposes the motion. (Gov't Opp. (Dkt. 61).) For the reasons set forth below, Mr. Prescod's motion is DENIED.

I.   BACKGROUND

On June 5, 2018, a grand jury sitting in the Eastern District of New York charged Mr. Prescod with five counts for his role in a string of armed robberies throughout Brooklyn and Queens. (*See* Superseding Indictment ("Indictment") (Dkt. 11).) On January 14, 2019, Mr. Prescod pleaded guilty to two of these five counts. (*See* Min. Entry (Dkt. 55).) Those counts were: Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count Three) and Possessing and Brandishing Firearms During Crimes of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Seven). (*See* Judgment (Dkt. 57).) In preparation for his sentence, the United States Probation Department ("Probation Department") calculated Mr. Prescod's offense level at 19. (Pre-Sentence Investigation Report ("PSR") ¶¶ 39-54.) The Probation Department also reviewed Mr. Prescod's criminal history, listing two prior criminal convictions for disorderly conduct when Mr. Prescod was 18 years old. (*Id.* ¶¶ 56-57.) For both convictions, Mr. Prescod received conditional discharges, and the cases were dismissed. As a result, Mr. Prescod received 0 criminal history points

for these convictions, and they were excluded from the computation of Mr. Prescod's criminal history score because neither conviction resulted in a term of probation of more than 1 year or a term of imprisonment of at least 30 days pursuant to U.S.S.G. § 4A1.2(c)(1).[1] With a criminal history score of 0, Mr. Prescod was placed in criminal history Category I, and his total adjusted offense level was 19. (*Id.* ¶¶ 54, 59.) The United States Sentencing Guidelines (the "Guidelines") therefore recommended a sentencing range of 30 to 37 months' imprisonment on Count 3, with a mandatory consecutive 84-month term of imprisonment on Count 7, resulting in a total Guidelines range of 114 to 121 months' imprisonment. (*Id.* ¶ 92.)

On November 21, 2019, this court imposed a sentence below the recommended Guidelines range, sentencing Mr. Prescod to time served on Count 3 and 84 months' imprisonment on Count 7, followed by a term of 5 years of supervised release. (*See* Judgment.)

Mr. Prescod, *pro se*, filed the instant motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), noting the recent amendments to the Guidelines, namely Amendment 821. (*See* Mot. at 1.) The Government opposes the motion, contending that Mr. Prescod is ineligible for a sentence reduction under the Amendment. (Gov't Opp. at 2-3.)

---

[1] Nor were Mr. Prescod's prior offenses similar to the instant offense requiring inclusion of the past crimes in his criminal history score. *Id.* (*Compare* Indictment (detailing armed robbery offenses), *with* PSR ¶¶ 56-57 (noting prior convictions were for a domestic dispute and using a student MetroCard that did not belong to Mr. Prescod at a subway train station).)

## II. LEGAL STANDARD

"'A court may not modify a term of imprisonment once it has been imposed except pursuant to statute.'" *United States v. Alvarez*, No. 89-CR-0229 (JS), 2020 WL 4904586, at *1 (E.D.N.Y. Aug. 20, 2020) (quoting *United States v. Rabuffo*, No. 16-CR-0148 (ADS), 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020)).[2] Relevant here, 18 U.S.C. § 3582(c)(2) allows a federal court to reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive. *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020).

Thus, when presented with a motion to reduce a sentence pursuant to section 3582(c)(2), courts must undertake a two-step process to determine whether a final sentence should be modified. "[T]he district court must first determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time the defendant was sentenced." *United States v. Baez*, No. 19-CR-463 (DLC), 2024 WL 1250583, at *1 (S.D.N.Y. Mar. 22, 2024). If the defendant is eligible for a sentence reduction, then the court must consider the factors set forth in section 3553(a) to determine whether it will exercise its discretion to reduce that defendant's sentence. *Id.* Included in this framework is the requirement that courts also consider whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, which are contained in U.S.S.G. § 1B1.10." *United States v. Torres*, No. 06-CR-987 (DC), 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024). "Section 1B1.10(a)(2) provides, however, that a sentence reduction is not authorized under 18

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

3

U.S.C. § 3582(c)(2) if none of the amendments listed in subsection (d) including Amendment 821 is applicable to the defendant." *United States v. Tejeda*, No. 11-CR-01015 (DC), 2024 WL 1676329, at *1 (S.D.N.Y. Apr. 18, 2024) (citing U.S.S.G. § 1B1.10(a)(2)(A)).

### III. DISCUSSION

Amendment 821 to the Sentencing Guidelines that went into effect on November 1, 2023 applies retroactively. *See* U.S.S.G. § 1B1.10(d); *Baez*, 2024 WL 1250583, at *1. Part A of Amendment 821 amended Guidelines section 4A1.1 by eliminating the addition of criminal history points, or "status points," if a defendant received points for committing the offense while under a criminal justice sentence. U.S.S.G. § 4A1.1(e). Specifically, one status point is removed for offenders with seven or more criminal history points, and all status points are eliminated for offenders with six or fewer criminal history points. *Id.* Part B of Amendment 821 amended the Guidelines by creating a new section 4C1.1, which provides for a two-level decrease in offense level for certain defendants with 0 criminal history points who meet specified criteria as set forth in U.S.S.G. § 4C1.1(a). *See also United States v. Ewing*, No. 14-CR-604 (VB), 2024 WL 1250685, at *1 (S.D.N.Y. Mar. 21, 2024).

In light of these changes to the Guidelines, Mr. Prescod asks the court for a reduction in his sentence. (*See generally* Mot.) Mr. Prescod, however, does not qualify for a reduction under Part A of Amendment 821 because at the time of sentencing, he had 0 criminal history points. (PSR ¶¶ 58-59.) *See also* Application Note 7 to Policy Statement under § 1B1.10 (defining "status points" as applicable to Amendment 821 as "the *additional* criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence" (emphasis added)); *Tejeda*, 2024 WL 1676329, at *2 n.1 (same).

4

Mr. Prescod also does not qualify for a reduction under Part B of Amendment 821 because while it is true that he is a "zero-point offender," he does not meet all of the criteria as set forth in U.S.S.G. § 4C1.1(a)(1)-(10). Section 4C1.1(a)(3) requires that the defendant "did not use violence or credible threats of violence in connection with the offense," and section 4C1.1(a)(7) mandates that the defendant "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. §§ 4C1.1(a)(3), (7).

Here, Count Seven charges Mr. Prescod with possessing and brandishing firearm(s) during one or more crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Indictment ¶ 7; PSR ¶ 3.) As further detailed in the PSR, Mr. Prescod went on a spree of armed robberies between January and March of 2018. (PSR ¶ 3.) It is undisputed that Mr. Prescod and his co-Defendant used violence and firearms during the commission of these offenses. The PSR details 10 different robberies wherein Mr. Prescod and his accomplice would enter a store, aim a firearm at the employees (at times striking the employees with the firearm), and force them to open their registers or instead constrain the employee(s) with tape, zip ties, or belts while the defendants obtained cash and other items themselves. (*See* PSR ¶¶ 6-27.) As there are aggravating factors present in this case, Mr. Prescod cannot qualify for relief under Part B. And because he does not qualify for any part of Amendment 821, he is therefore ineligible for a reduction. *Ewing*, 2024 WL 1250685, at *1 (denying motion where defendant failed to meet eligibility criteria under Parts A and B of Amendment 821). The court need not consider the section 3553(a) factors to determine whether a reduction is warranted as Mr. Prescod is ineligible for the relief sought. *Tejeda*, 2024 WL 1676329, at *2.

Mr. Prescod's motion must therefore be DENIED.

## IV. CONCLUSION

For the reasons discussed above, Mr. Prescod's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED. The Clerk of Court is respectfully DIRECTED to mail a copy of this Memorandum and Order to Mr. Prescod's last known address of record.

SO ORDERED.

Dated:  Brooklyn, New York
        August 9, 2024

                                                s/Nicholas G. Garaufis
                                                NICHOLAS G. GARAUFIS
                                                United States District Judge